RUTH MORRIS AND JEROME MORRIS, HER HUSBAND, ISABELL SELCOW AND LESTER SELCOW, HER HUSBAND, PLAINTIFFS, v. MARY PLATNIK, DEFENDANT AND THIRD-PARTY PLAINTIFF, v. GENERAL FIRE AND CASUALTY COMPANY, A CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, THIRD-PARTY DEFENDANT.

Superior Court of New Jersey
Law Division

Decided October 9, 1964.

*Mr. Seymour M. Karas* for plaintiffs (*Messrs. Diamond and Karas,* attorneys).

*Mr. John T. Mooney* for defendant (*Messrs. Hein, Smith and Mooney,* attorneys).

BOTTER, J. S. C. Relying on *R. R.* 4:25-2 defendant has moved to compel plaintiffs to furnish defendant with copies of reports of examinations made of the mental or physical condition of the female plaintiffs who assert claims for personal injuries in this action. Defendant has previously had a physical examination of these plaintiffs, and upon plaintiffs' request has agreed to furnish plaintiffs' counsel with a copy of the examining physician's report. Plaintiffs contend, however, that even after receipt of defendant's report plaintiffs are not obliged to furnish defendant with like medical reports made by plaintiffs' treating physicians as distinguished from physicians who merely make an examination for purposes of trial. The issue, then, is whether reports from physicians who have actually treated a party who has been the subject of a physical examination by an opposing party are excepted from the provisions of *R. R.* 4:25-2 which call for a reciprocal exchange of reports.

*R. R.* 4:25-2 provides as follows:

"Whether the examination is ordered by the court or submitted to voluntarily, the party causing it to be made shall upon request deliver

to the party examined a copy of a detailed written report of the examining physician setting out his findings and conclusions. After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party examined a like report of any examination, previously or thereafter made, of the same mental or physical condition. If the party examined refuses to deliver such report the court on motion and notice may make an order requiring delivery on such terms as are just. If a physician fails or refuses to make a report on the request of the party examined, the court may exclude the physician's testimony if offered at the trial."

Plaintiffs rely upon *DiDonna v. Zigarelli*, 61 *N. J. Super.* 302, 312 (*App. Div.* 1960), where the court said, referring to *R. R.* 4:25–2: "That rule refers to the exchange of reports of examinations made *in preparation for trial* by defendant's and plaintiff's physicians and is unrelated to the question at issue before us." The *DiDonna* case has been interpreted to have construed *R. R.* 4:25–2 as applicable "only to examinations made '*in preparation for trial*' and not to the disclosure of facts resulting from examinations conducted by the treating physician in the course of his initial medical treatment." *Schnitzer and Wildstein, N. J. Rules Service* A IV—242, 243 (1961 *Supp.*). Nevertheless, an interpretation which would exclude reports of treating physicians from the operation of *R. R.* 4:25–2 must be rejected.

There is nothing in the history of the rule's adoption or amendment to suggest that reports from treating physicians are not subject to the rule. The language of the rule is broad. It grants the reciprocal right to "a like report of *any* examination, previously or thereafter made, of the same mental or physical condition." (Emphasis added.) Plaintiffs argue that the rule should not apply to treating physicians because plaintiffs frequently cannot get reports from treating physicians but must rely often on treating physicians, as distinguished from examining physicians, in the trial of a case. This argument begs the issue of whether a report of a treating physician should be given to defendant if counsel for plaintiff has obtained such a report. Moreover, if plaintiffs usually rely upon treating physicians, and their reports cannot be com-

pelled by *R. R.* 4:25–2, such an exception would deprive defendants of the mutuality of disclosure that the rule obviously contemplates. It should be noted that here plaintiffs have put into operation the reciprocal provisions of the rule by demanding a copy of the report from defendant's examining physician. If plaintiffs do not wish to give defendant copies of treating physicians' reports, plaintiffs can avoid the compulsion of the rule by not demanding a copy of the report of defendant's examining physician.

In *Gibson v. Kennedy,* 23 *N. J.* 150, 161 (1957), the court considered the sanction provisions of *R. R.* 4:25–2 with respect to plaintiff's right to call as a witness a physician who appears to have been a treating physician. The opinion describes the proposed witness as a physician who was associated with another physician "in the care of plaintiff." The rule was applied by the court and the parties without any issue mentioned in the opinion as to its applicability to treating physicians as distinguished from other examining physicians. As indicated in the opinion, the trial court also applied the rule, so as to compel a report during trial from the proposed witness as a condition to his testifying, without any exception made because he appears to have been a treating physician. Similarly, in *Chastain v. Evennou,* 35 *F. R. D.* 350, 352 (*D. C. Utah* 1964), the court applied the comparable federal rule, *Fed. R. Civ. P., Rule* 35(b)(1), with respect to reports of physicians who had "examined or treated plaintiff," without making any distinction in the application of the rule based upon the physician's status as a treating or examining physician. The facts of that case strongly suggest that the physicians who made the reports were treating physicians. The opinion deals with the question of whether certain comments in the physicians' reports should be suppressed as gratuitous and irrelevant. It does not appear that plaintiff in that case claimed an exemption from the rule because the reports were made by treating physicians.

In *Butts v. Sears Roebuck & Co.,* 9 *F. R. D.* 58, 59 (*D. C. D. C.* 1949), the court held that defendant is entitled "only

to the written report of the examination of the physician who examined the plaintiff in her own behalf, to wit, Dr. W. P. Howard." It is unclear whether Dr. Howard was a treating physician or a physician who made an examination of the plaintiff in that case solely for use in litigation. Defendant had demanded copies of reports made by plaintiff's "personal physician," copies of hospital records, and copies of office records of various physicians who treated plaintiff. The court held that the federal rule does not require a party to procure copies of hospital records or physicians' office records, but applies only to reports of medical examinations conducted at the request of the party.

■■ *DiDonna v. Zigarelli, supra,* does not establish the exception claimed by plaintiffs in this case. The holding of that case was simply that defendant has the right to take the deposition of a New York physician who treated plaintiff, to inquire into his findings and diagnoses, and to require the production of records incident to his activities as a treating physician. The contention advanced in that case was that a deposition could not be taken of the doctor because in effect it would permit the obtaining of a medical report of plaintiff's condition in a manner not provided by *R. R.* 4:25–2. In this connection the court said that *R. R.* 4:25–2 refers to the exchange of reports "of examinations made *in preparation for trial* by defendant's and plaintiff's physicians * * *." 61 *N. J. Super.,* at *page* 312. The *DiDonna* case does not hold that the exclusive mode of discovery as to a treating physician is by deposition under *R. R.* 4:16–2, nor does it hold that reports of treating physicians are excluded from *R. R.* 4:25–2. It is consistent with the holding in *DiDonna* to rule that a treating physician may be examined by deposition under *R. R.* 4:16–2, and also that production of a report by a treating physician may be compelled under the reciprocal provisions of *R. R.* 4:25–2, if such a report has been submitted to plaintiff's attorney in preparation for trial. It seems reasonable to assume that only rarely would plaintiff's attorney have obtained a treating physician's report of his client's physical or

mental condition for purposes other than litigation. In the case at hand it has not been contended that the reports of treating physicians obtained by plaintiffs' counsel were obtained for purposes other than preparing for trial.

*R. R.* 4:25–2 authorizes sanctions for noncompliance with the provisions calling for an exchange of medical reports. The rule provides that after the production of a report demanded by the party examined the party delivering such report "shall be entitled upon request to receive from the party examined a like report * * *." On motion the court may order the delivery of such a report on terms that are just. The rule further provides that the trial court may exclude the testimony of a physician if the physician has failed or refused to make a report on the request of the party examined. It is unlikely that a physician engaged solely for the purpose of examining a plaintiff for purposes of trial will refuse to make a report on the request of the party examined. It is more likely, as contended by plaintiffs on this motion, that a plaintiff may have difficulty in obtaining a report from a treating physician. The sanction provisions of the rule, therefore, strongly suggest that the rule was drafted with treating physicians in mind, as well as examining physicians.

Accordingly, plaintiffs will be required to furnish defendant with copies of reports of any examination by plaintiffs' treating physicians of the same mental or physical conditions which were examined by defendant's physician.

An order may be submitted consistent with this opinion.